UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, <br> 400 Maryland Avenue, SW, LBJ 7W104 <br> Washington, DC 20202-4500 <br><br> Defendant. | Civil Case No. 1:25-cv-01924 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Transportation ("DOT") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOT's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On July 29, 2024, PPT submitted a FOIA request to DOT requesting records related to communications regarding President Biden's abilities (herein referred to as "the Request" and attached as Exhibit A).

7. The Request (Exhibit A) sought records from July 1, 2024, through the date the request was processed, records of communications to, from and including Secretary, Pete Buttigieg and Chief of Staff Mohsin Syed regarding President Biden and specific search terms to be used within 25 words of 'President Biden', 'President Biden's', 'POTUS', 'Biden' or 'Biden's' or within any communication with 'President', 'Biden' or 'POTUS' in the subject line including:

    a. Mental fitness
    b. Physical fitness
    c. Acuity
    d. Physical state
    e. Mental state
    f. Old
    g. Age
    h. Capacity
    i. Sharp
    j. Aware
    k. Awareness
    l. Decline
    m. Spry
    n. Gait
    o. Memory

8. The Request seeks documents in the public interest because it will help the public's understanding of President Biden's mental fitness.

9. On July 31, 2024, DOT acknowledged receipt of the Request (Exhibit A), assigned it File No. OST-2024-0729, and that the Request would be addressed in the order it was received (attached as Exhibit B).

10. As of the date of filing, PPT has not received any further communication regarding the records from the Request.

11. DOT has still not made any determinations with regard to PPT's FOIA Request despite over 345 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOT has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

12. DOT has thus violated its FOIA obligations.

13. Because DOT has failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT's DOT requests discussed above were properly submitted requests for records within the possession, custody, and control of DOT.

26. DOT is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. DOT is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28. DOT's failure to provide all non-exempt responsive records violates FOIA.

29. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOT to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOT complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOT to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

Grant PPT other such relief as the Court deems just and proper.

Dated: June 18, 2025                    Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

        Karin Moore Sweigart
        D.D.C. Bar ID: CA00145
        DHILLON LAW GROUP, INC.
        177 Post Street, Suite 700
        San Francisco, CA 94108
        Telephone: 415-433-1700
        KSweigart@Dhillonlaw.com

        Jacob William Roth
        D.D.C. Bar ID: 1673038
        DHILLON LAW GROUP, INC.
        1601 Forum Plaza, Suite 403
        West Palm Beach, Florida 33401
        Telephone: 561-227-4959
        JRoth@Dhillonlaw.com

        *Counsel for the Plaintiff*